IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER McMILLON (05),<br><br>    Defendant. | Case No. 15-40064-05-DDC |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Christopher McMillon's pro se[1] motions. Mr. McMillon has filed two motions: (1) "Motion to Alter/Amend Recommendations" (Doc. 246) and (2) "Motion to Reconsider Sentence" (Doc. 260). After reciting the relevant history in this case, the court will address each of these motions in turn. For the reasons described below, the court denies Mr. McMillon's motions.

**I. Background**

On April 12, 2016, Mr. McMillon entered a plea agreement under Rule 11(c)(1)(C), pleading guilty to cocaine distribution in violation of 21 U.S.C. § 841(a)(1). His plea agreement included a proposed sentence: a sentence of imprisonment of 60 months; three years of supervised release; no fine; and the mandatory special assessment of $100. Doc. 153 at 2.

On July 11, 2016, the court accepted Mr. McMillon's plea agreement and sentenced him according to the proposed sentence. Docs. 183 & 184. At Mr. McMillon's request, the court

---

[1] Because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for plaintiff. *Id.* Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

recommended that Mr. McMillon participate in any available drug treatment, including the Residential Drug Abuse Program ("RDAP"). Docs. 183 & 184.

**II.    "Motion to Alter/Amend Recommendations" (Doc. 246)**

With his first motion, Mr. McMillon asks the court to amend its recommendation to the Bureau of Prisons to include the Second Chance Act. He requests this amendment so that he can transfer to a residential re-entry center ("RRC") after he completes RDAP. The court construes this as a motion to amend the judgment, or, in the alternative, for a supplemental recommendation by the court made outside of the judgment concerning RRC placement. *See United States v. Grant*, No. 5:14-CR-296-FL-1, 2017 WL 2799851, at *1 (E.D.N.C. June 28, 2017) (construing defendant's motion for recommendation concerning length of residential re-entry center, halfway house, or home confinement placement time as a motion to amend the judgment, or, in the alternative, for a supplemental recommendation by the court made outside of the judgment concerning RRC or halfway house placement because the court already had made recommendations regarding defendant's prison placement, but made no recommendation about RRC or halfway house placement); *see also United States v. Galindo*, No. 2:13-CR-73-FTM-38CM, 2017 WL 3499254, at *2 (M.D. Fla. Aug. 16, 2017) (construing defendant's Motion for Recommending 12 Months CCC/RRC placement as a motion requesting a supplemental recommendation on RRC or halfway house placement and noting that "[t]o the extent that [defendant] seeks the Court to amend the judgment, it has no basis to do so under the circumstances presented.").

First, the court has no authority or basis to amend the judgment. Except in limited situations, 18 U.S.C. § 3582(c) prohibits the court from modifying a term of imprisonment once the court has imposed it. The court will describe the exceptions in its analysis of Mr. McMillon's "Motion to Reconsider Sentence" (Doc. 260) in Part III, below. But generally, the

exceptions are limited to a motion of the BOP, lowering of the sentencing range by the Sentencing Commission, or if expressly permitted by Fed. R. Crim. P. 35.  *Grant*, 2017 WL 2799851, at *1; *see* 18 U.S.C. § 3582(c).  None of these exceptions apply here.

Second, the court, in its discretion, declines to make a supplemental recommendation outside the judgment concerning RRC placement.  The court already made its recommendations at sentencing based on Mr. McMillon's circumstances.  Mr. McMillon offers two more mitigating circumstances for the court's consideration:  he is active in the sports program and he is participating in RDAP.  The court commends Mr. McMillon for his participation in these programs, but these two additional factors do not warrant the court making a supplemental recommendation to the BOP.  *See Grant*, 2017 WL 2799851, at *1 (declining to make a supplemental RRC recommendation because the court carefully considered multiple factors bearing on defendant's incarceration at sentencing); *see also Galindo*, 2017 WL 3499254, at *2 (finding that a supplemental RRC recommendation was not appropriate because defendant reiterated many of the same facts that the court carefully considered at sentencing).

Even if the court chose to make the requested recommendation, recommendations from the court are not binding on the BOP.  18 U.S.C. § 3621(b) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.").  The BOP has its own policies that will identify if Mr. McMillon is eligible for RRC placement.  U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 7310.04, Cmty. Corr. Ctr. (CCC) Utilization and Transfer Procedures (1998).

For these reasons, the court denies this motion.

### III.     "Motion to Reconsider Sentence" (Doc. 260)

Mr. McMillon's second motion asks the court to reduce his sentence. The court sentenced him to 60 months in custody. He alleges that his co-defendant, Shanae Ransom, received a lower sentence of 46 months. Mr. McMillon asserts that both he and Mr. Ransom have the same aggravating and mitigating circumstances so the court should reduce his sentence to match Mr. Ransom's. The court may not reduce Mr. McMillon's sentence for this reason.

"Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed." *United States v. McKinney*, No. 06-20078-01-JWL, 2015 WL 13357588, at *1 (D. Kan. Nov. 12, 2015) (citing *Freeman v. United States*, 564 U.S. 522, 526 (2011)). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). The court is provided limited statutory authorization in 18 U.S.C. § 3582(c). This subsection section provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case--
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger

>> to the safety of any other person or the community, as provided under section 3142(g);
>>
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Here, Mr. McMillon seeks a sentence reduction to match a co-defendant's. That is not one of the exceptions listed in § 3582(c). The court thus lacks jurisdiction to modify Mr. McMillon's sentence.

Also, Mr. McMillon's plea agreement was made under Fed. R. Crim. P. 11(c)(1)(C). As such, the proposed sentence binds the court if the court accepts the plea agreement. Mr. McMillon's plea agreement proposed a 60-month term of imprisonment that bound the court when it accepted the agreement. Presumably, the parties had every opportunity to discuss this proposed sentence before the plea agreement was drafted. And, Mr. McMillon had an opportunity to review the plea agreement before he signed it. Ultimately, Mr. McMillon was able to decide if he wanted to accept a 60-month term of imprisonment before he entered into the plea agreement. This agreement only came to the court for acceptance after Mr. McMillon had

chosen to agree to the 60-month term of imprisonment.  Mr. McMillon voluntarily accepted the agreement at the time; he must serve his sentence now.

For these reasons, the court denies Mr. McMillon's motion.

### IV.     Conclusion

For the reasons discussed above, the court denies Mr. McMillon's motions.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's "Motion to Alter/Amend Recommendations" (Doc. 246) is denied.

**IT IS FURTHER ORDERED THAT** defendant's "Motion to Reconsider Sentence" (Doc. 260) is denied.

**IT IS SO ORDERED.**

**Dated this 30th day of November, 2017, at Topeka, Kansas**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**